# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　　Respondent. | Case No. 2:21-cv-04259-JVS (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　　Petitioner, a state prisoner, was convicted of murder in 1996. (Los Angeles County Superior Court Case No. TA041797). He is currently serving a sentence of life without parole imposed as a result of that conviction. On May 20, 2021, Petitioner filed this petition for a writ of habeas corpus challenging his 1996 conviction. *See* 28 U.S.C. § 2254. (ECF 1.)

　　　　Petitioner has filed numerous prior habeas corpus petitions in the Central District of California challenging his 1996 conviction. The first, filed in September 2010, was summarily dismissed on procedural grounds. Case No. 2:10-cv-06792-JVS(RZ). The second petition, filed in December 2013, was dismissed with prejudice as time-barred. Case No. 2:13-cv-07464-JVS(RZ). Three subsequent petitions were each dismissed for lack of jurisdiction because they were successive. *See* Case Nos.

2:14-cv-05869-JVS(RZ); 2:16-cv-03887-JVS(AFM); 2:17-04564-JVS(AFM).

The current petition alleges that Petitioner's constitutional rights were violated because he was detained for five and a half months after his arrest without being notified of the nature of the charges against him; while Petitioner was detained, "the arresting agency" was collecting inadmissible statements against him; and Petitioner was deprived of his right to a speedy trial. (ECF 1 at 5-10.) Because the petition challenges the same judgment of conviction as did the petition in Case Number CV 13-7464-JVS(RZ), which was dismissed with prejudice as untimely, it is successive. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition. Consequently, this Court is without jurisdiction to entertain it.[1] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). To the extent Petitioner might contend that the petition meets an exception to the bar on successive petitions, this argument must first be presented to the Court of Appeals.

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

2

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 02, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE